## Ex Parte IRWIN*
### (No. 1334; August 18, 1925; 239 Pac. 288)

CRIMINAL LAW—RECOGNIZANCE—QUESTION OF DEFAULT IS JUDICIAL—
EXECUTION OF SENTENCE.

1.  Where petitioner, having been convicted and sentenced
    for sale of intoxicating liquor, had a recognizance con-
    forming with Comp. St. 1920, § 7556, and clerk of court,
    after expiration of time allowed for appeal, issued a cer-
    tificate that no appeal had been perfected within time
    allowed therefor, and petitioner was taken into custody,
    *held*, under section 7557, that no default had occurred,
    and sentence could not be carried into execution.
2.  Whether or not there is default in recognizance is always
    a judicial question under Comp. St. 1920, § 7557, and
    sentence cannot be executed without court order.

*See Headnotes (1) 17 C. J. p. 111 (Anno) (2) 17 C. J. p. 11
(Anno.)

Original proceedings in habeas corpus by W. H. Irwin
against the Sheriff of Laramie County. Heard before Jus-
tices Blume & Kimball on demurrer to answer. No briefs.

*Chas. L. Rigdon* for Petitioner.

*Roche S. Mentzer* for the Sheriff of Laramie County.

Opinion by the Justices sitting.

W. H. Irwin, petitioner, filed an application for a writ
of habeas corpus alleging that he was unlawfully restrained
of his liberty by the sheriff of Laramie county. A writ
having been issued, citing the said sheriff to produce the
said petitioner before the said justices and make a return on
said writ of his doings in the premises, an answer was filed
to said petition for said writ, alleging that said petitioner
was in the custody of the sheriff of Laramie county, Wyo-
ming, for the following reasons; namely, that said petitioner
was duly tried by a jury in the District Court of Laramie
county, Wyoming, under an information charging said pe-
titioner with the crime of selling intoxicating liquor; that
a jury duly found him guilty on April 15, 1925, whereupon

he was duly sentenced by the district court of said county, to be confined in jail by said sheriff for a period of eight months and to pay a fine of $500; that an appeal bond was fixed and duly given in the sum of $1,000; that an extension of time in which to perfect an appeal (i. e. file a transcript of the record) was granted by the judge of said court on June 20, 1925, allowing said petitioner to and including August 15, 1925 in which to do so, but that this was not done prior to said last mentioned date, nor was any further request for additional time in which to do so made or filed by said defendant within said time; that accordingly on August 17, 1925, the presiding judge of said district being outside of said district, the clerk of said district court issued a certificate, under the seal of said court, that no appeal had been perfected on or before said 15th day of August, 1925, whereupon said petitioner was placed under arrest and duly confined in the county jail of Laramie county, Wyoming, in accordance with the terms of the judgment of said court originally entered.

The bond hereinbefore mentioned was agreed to be considered a part of the answer herein, and appears to be in conformity with the provisions of section 7556 of the Wyo. C. S. 1920. A demurrer to said answer was filed on behalf of said petitioner. Said section 7556 of the Wyo. C. S. 1920 is as follows:

"No court shall suspend the execution of the sentence or judgment against any person convicted and sentenced for a misdemeanor, unless such person shall enter into a recognizance, with such security as the court may require, conditioned that the person so convicted and sentenced shall appear at the next term of such court from term to term, until the case in error shall be determined, and abide the judgment or sentence of the court."

Section 7557 provides as follows:

"If no writ of error, or other proceeding in error be allowed by the next term of the court, after the sentence was

pronounced, the court shall, at such term, carry the same into execution.''

Section 6414 also provides for the taking of bail of a defendant in cases of direct appeal, but it is unnecessary to consider herein how that section should be construed, in connection with the other sections already quoted.

The theory that the petitioner was lawfully taken into custody is evidently based upon the fact that the supreme court of this state has on several occasions held that a record on appeal must be filed in the district court within the time fixed by statute or within such extension of time as may legally be granted by the court or judge thereof, and that this was not complied with by the petitioner. To this proposition, however, there are two answers: First, the petitioner in this case had one year in which to commence a proceeding in error to this court. In such a proceeding errors alleged to appear on the face of the record proper may be presented, and in such case as to those errors a bill of exceptions is not necessary nor a transcript of the evidence. Section 7557, however, seems to contemplate that such proceeding must be taken by the next term of the district court, in order that the recognizance taken may remain in effect, but it is clear that until such term of the district court arrives, which will not be until the first Monday in October, no default exists in the terms of the bond or recognizance, and hence under the provisions of that section, the sentence of the court cannot be carried into execution until such default arises. Second, as to whether or not a default exists in the terms of a bond on appeal would seem to be always a judicial question. The action of the court is required when a bail bond is forfeited. That forfeiture involves only the payment of money in accordance with the terms of the bond, but the determination that no proceeding in error or an appeal has been taken in accordance with section 7557, supra, entails much more serious consequences, where the sentence of the court includes confinement in jail, and hence

would seem to be at least as much a judicial question as the forfeiture of a bond. The point seems, however, to be completely settled by section 7557, supra, for it states that the *court* must carry the sentence into execution. It is apparent that under the terms of that section, the sentence cannot be carried into execution in the absence of an order of the court. That order not having been made, the answer filed herein is insufficient and the demurrer should be sustained, which is accordingly done and the petitioner discharged from the custody of said sheriff, until such time as the district court of Laramie county may lawfully act in the premises.